# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. PALUCH, JR., | : | CIVIL NO. 1:CV-09-01522 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

James A. Paluch, Jr. ("Paluch"), an inmate currently incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania, initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on August 7, 2009. (Doc. 1.) He has also submitted a motion for leave to proceed *in forma pauperis*. (Docs. 2 & 7.) Paluch asserts five claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101-12134; and various state claims of negligence. Named as Defendants are several individuals employed by Pennsylvania's Department of Corrections' ("DOC") administrative offices and the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), where he was confined several years ago.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint will be

dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Background**

The claims in Paluch's complaint arise from an alleged assault by his cell mate, Roger Smith, in their cell at SCI-Huntingdon on September 9, 2004. (Doc. 1.) He claims that Defendants failed to protect him from inmate Smith by not having in place at the time of the alleged assault proper policies and procedures for protecting inmates with disabilities. He further claims that Defendants intentionally destroyed the videotape evidence of the September 9, 2004 assault which was necessary for purposes of foreseeable litigation. He contends that he filed grievances and appeals related to these issues arising from the September 9, 2004 assault, but no level of administration conducted a proper investigation into his allegations of abuse. He seeks declaratory and compensatory relief.

II. **Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

2

1915(e)(2)(B)(i)-(iii). A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). Here, the court will review each count of Paluch's complaint in turn in order to determine if any count states a viable claim for relief.

### A. Counts 1 - 3

The first three counts in Paluch's complaint all arise directly from the alleged assault committed on September 9, 2004. In his first count,[1] Paluch claims that Defendants violated his constitutional rights by failing to establish policies and procedures to protect him, a prisoner suffering from epilepsy, from the September 9, 2004 assault. (Doc. 1 at 17-18.) In his second count,[2] Paluch claims

---

[1] In Count 1, Paluch names as Defendants Jeffrey Beard, the DOC, and DOC policymakers. (Doc. 1 at 17.)

[2] In Count 2, Paluch names as Defendants Yvonne Briggs and Robert Cramer. (Doc. 1 at 19.)

3

that Defendants failed to protect him from further abuse by corrections officers at SCI-Huntingdon by failing to report the September 9, 2004 assault to prison administrators. (*Id*. at 19.) In his third count,[3] Paluch claims that Defendants violated his constitutional rights by failing to take hand-held videotape footage of his cell following the assault. (*Id*. at 20.) Upon review, the court finds that these claims are barred by Pennsylvania's applicable statute of limitations.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, and the ADA, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996); *Saylor v. Ridge*, 989 F. Supp. 680, 686 (E.D. Pa. 1998). The United States Supreme Court clarified its decision in *Wilson* when it held that "courts considering § 1983 [and ADA] claims should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa.), *aff'd*, 101 F.3d 691 (3d Cir. 1996) (Table). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524(7) (2004); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

---

[3] In Count 3, Paluch names as Defendants Rusty Bilger and Daniel Baird. (Doc. 1 at 20.)

4

Further, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). *See also Oshiver v. Levin, Fishbein, Sedren & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994) ("the accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff *discovers* that he or she has been injured") (emphasis in original). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Fassnacht v. United States*, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996) (citing *Oshiver*, 38 F.3d at 1386).

Here, the claims set forth above all arose while Paluch was at SCI-Huntingdon in 2004, and stem from an alleged assault on September 9, 2004. The instant complaint was filed on August 7, 2009. There is no question Paluch was aware of his alleged injuries when they occurred, as evidenced by his allegations in the instant complaint.

Although the statute of limitations is an affirmative defense which may be

5

waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate.[4] *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). These conditions are met here as the defense obviously arises from the allegations in the complaint without the necessity of further factual development. Specifically, it is clear that these three counts raise alleged constitutional misconduct which occurred in September of 2004. There are no facts or allegations asserted in these claims regarding any impediment which may have prevented the timely filing of this action. Further, there are no averments of law or fact which could support the tolling of the statute of limitations. Consequently, since these claims are clearly barred by Pennsylvania's

---

[4] Although the Third Circuit Court of Appeals has not yet visited this issue in a precedential opinion, in several unpublished opinions the Third Circuit Court has affirmed the *sua sponte* dismissal of claims barred by the statute of limitations. *See Hunterson v. Disabato*, 244 Fed. Appx. 455, 457 (3d Cir. 2007) ("a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run"); *Hurst v. Trader*, 223 Fed. Appx. 128, 131 n.6 (3d Cir. 2007) (noting that other federal Courts of Appeals have held that "the statute of limitations is an affirmative defense and as such is not grounds for *sua sponte* dismissal under § 1915 unless the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate").

controlling statute of limitations, they will be dismissed as time barred.

**B.    Counts 4 & 5**

The last two counts in Paluch's complaint relate to the destruction of the videotape footage taken on September 9, 2004. In Count 4,[5] Paluch claims that Defendants violated his constitutional rights by failing to establish policies and procedures for the preservation of recorded video surveillance which could be used in foreseeable litigation. (Doc. 1 at 22.) These policies and procedures should relate to not only preserving videotape evidence, but also to informing inmates of the existence of such evidence and when it will potentially be recycled or destroyed. (*Id*. at 22-23.) In Count 5, named solely against Defendant John D. Fisher, Paluch claims that Defendant Fisher violated his constitutional rights by failing to both preserve the videotape evidence from September 9, 2004, and to investigate the allegations of abuse made by Paluch in a grievance filed subsequent to the assault. (*Id*. at 25-26.) Paluch claims that he did not learn of the destruction of the videotape evidence until August 9, 2007. (*Id*. at 15.)

As a preliminary matter, the court notes that Paluch raised the issue of

---

[5] In Count 4, Paluch names as Defendants Jeffrey A. Beard, the DOC, John S. Shaffer, William D. Sprenkle, Donald T. Vaughn, Frank J. Tennis, Timothy S. Ringler, Robert A. Calik, Kathleen M. Zwierzyna, Dennis P. Durant, Michael A. Farnan, Sharon M. Burks, Kristen P. Reisinger, Michael P. Wolanin, Randy L. Pollock, James L. Grace, SCI-Huntingdon, Melvin S. Lockett, John D. Fisher, Ashley Smith, Daniel Baird. (Doc. 1 at 21.)

7

destruction of this very same videotape evidence in another civil action he filed in this court on September 7, 2006. *See Paluch v. Dawson, et al.*, Civ. No. 1:06-CV-01751 (M.D. Pa.). In that case, a trial was held on October 26 through 28, 2009. Prior to trial, Paluch filed a motion for summary judgment, or in the alternative, for a spoliation charge with respect to this evidence. (*Id.*, Doc. 291.) In assessing whether sanctions for spoliation of the evidence were appropriate, the court found that the destruction of the videotape evidence did not prejudice Paluch to a degree that warranted sanctions against the defendants. (*Id.*, Doc. 357 at 8.) Specifically, the court reasoned that, despite not having the videotape evidence, Paluch could still testify to what occurred within the cell and who initiated the September 9, 2004 assault. (*Id.*) Further, in that case, Paluch had declarations or deposition testimony of several inmate witnesses, who were present at the time of the assault. (*Id.*) In addition, Paluch would be able to submit his medical records and photographic evidence at trial. (*Id.*) Thus, the court found that because Paluch had a number of other resources by which to present the circumstances surrounding the September 9, 2004 assault, he had not suffered prejudice by the loss of the videotape evidence. (*Id.*) As a result, the court denied Paluch's motion for a spoliation charge. (*Id.*) Moreover, in another order issued by the court prior to trial, the court clarified its order denying summary judgment, stating, "If, in

8

fact, the cameras cover the cell door and the request to preserve the tape was timely made, Plaintiff may be entitled to an adverse inference charge as to Dawson's credibility on this issue. The court's memorandum and order regarding the spoliation issue as to the happenings inside the cell remains unaltered." (*Id.*, Doc. 361.)

As stated above, a jury trial was held in *Paluch v. Dawson, et al.*, *supra*, on October 26 through 28, 2009. At trial, Paluch testified about the events of September 9, 2004, declaring that inmate Smith initiated the assault. In addition, Paluch presented the testimony of several inmate witnesses who were present at the time of the incident. Further, medical and photographic evidence were presented. Neither party called inmate Smith. After considering all the evidence, the jury returned a verdict in favor of the Defendants. (*See id.*, Doc. 379.)

In the present case, the basis for Paluch's claims in both Counts 4 and 5 is that the destruction of the videotape evidence prevented him from litigating his claims of abuse related to the September 9, 2004 assault. However, it is clear that Paluch, in fact, has been able to litigate his claims of abuse resulting from that assault despite the absence of the videotape evidence, as evidenced by the fact that a jury trial was held in *Paluch v. Dawson, et al.* As a result, the court fails to see how the actions of the defendants in this case with respect to the destruction of the

9

relevant videotape evidence rises to the level of a constitutional violation. In fact, it appears certain that if these claims were allowed to proceed, a motion to dismiss would be filed and would have to be granted. Consequently, these claims will be dismissed for failure to state a viable claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the foregoing reasons, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, because it has been determined that the complaint warrants *sua sponte* dismissal, the court need not entertain Paluch's motion to transfer this case to a judge in the Middle District court located in Scranton, Pennsylvania. (*See* Doc. 11.)

An appropriate order follows.

                                                  s/Sylvia H. Rambo
                                              United States District Judge

Dated: November 24, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL NO. 1:CV-09-01522 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this 24th day of November, 2009, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 2 & 7) is **GRANTED** for the sole purpose of filing this action.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3) Plaintiff's motion to transfer the case (Doc. 11) is **DENIED**.

4) The Clerk of Court is directed to **CLOSE** this case.

5) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Sylvia H. Rambo
United States District Judge
